UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PATRICK LEE JOHNSON,

        Petitioner,

                                CASE NO. 2:22-CV-10140

    v.                        HON. GEORGE CARAM STEEH

BRYAN MORRISON,

        Respondent.

_____/

**OPINION & ORDER GRANTING RESPONDENT'S MOTION TO
DISMISS, DISMISSING THE PETITION FOR A WRIT OF HABEAS
CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, &
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.      Introduction**

    Michigan prisoner Patrick Lee Johnson ("petitioner") has filed a pro

se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

challenging his state criminal conviction and sentence.  The Court has

granted him leave to proceed in forma pauperis.  The petitioner pleaded no

contest to second-degree murder in the Oakland County Circuit Court and

was sentenced to 25 to 60 years imprisonment with credit for time served

in 2018.  In his petition, he raises claims concerning the effectiveness of

counsel.  This matter is now before the Court on the respondent's motion

to dismiss the habeas petition based upon the petitioner's failure to properly exhaust state court remedies.  For the reasons stated herein, the Court concludes that the petitioner has not properly exhausted state court remedies as to his habeas claims and dismisses without prejudice the habeas petition.  The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.   Facts and Procedural History

The petitioner's plea-based conviction arises from the death of his wife.  In 2017, the petitioner was charged with open murder and was initially represented by appointed counsel, Pamela Johnson.  ECF Nos. 9-1-8.  In January, 2018, the petitioner hired retained counsel, Ellen Michaels, to represent him and Pamela Johnson withdrew from his case.  ECF No. 9-1.  On April 4, 2018, while represented by Ellen Michaels, the petitioner pleaded no contest to second-degree murder.  ECF Nos. 9-10, 9-11.  On May 2, 2018, the trial court sentenced him to 25 to 60 years imprisonment with credit for time served.  ECF Nos. 9-12, 9-13.

Following sentencing, the petitioner, through appellate counsel, Ronald Ambrose, filed a post-judgment motion with the trial court alleging that Pamela Johnson was ineffective.  ECF No. 9-18, PageID.261-262,

266-270.  The trial court denied the motion.  ECF Nos. 9-14, PageID.253, 9-21.

The petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the following claim:

> A defendant can be denied the effective assistance of counsel in plea-based conviction and to the extent a defendant's claim depends on facts not of record, an evidentiary hearing should be ordered. The trial court erred when denying an evidentiary hearing on the issue of ineffective assistance of counsel when Mr. Johnson needed a further record to show that the plea in the present case was unconstitutional due to his trial counsel's ineffectiveness.

The petitioner's pleadings again alleged that appointed counsel, Pamela Johnson, was ineffective.  ECF No. 9-22, PageID.346-350.  The Michigan Court of Appeals denied the application for lack of merit in the grounds presented.  *People v. Johnson*, No. 354799 (Mich. Ct. App. Oct. 23, 2020); ECF No. 9-22, PageID.313.  The petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court raising the same claim, but further alleging that retained counsel, Ellen Michaels, and appellate counsel, Ronald Ambrose, were ineffective.  ECF No. 9-23, PageID.545-548.  The Michigan Supreme Court denied leave to appeal in a standard order.  *People v. Johnson*, 507 Mich. 934,  957 N.W.2d 804 (April 17, 2021), ECF No. 9-23, PageID.543.

The petitioner dated his federal habeas petition on January 4, 2022. He raises the same claim presented on direct appeal in the state courts, but appears to focus his allegations of ineffective assistance of counsel on retained counsel, Pamela Michaels.  ECF No. 1, PageID.9-13.  The respondent filed the instant motion to dismiss on July 26, 2022.  ECF No. 8.  The petitioner has not filed a response to the motion.

**III.   Analysis**

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  Id., Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  Carson v. Burke, 178 F.3d 434, 436-37 (6th Cir. 1999).

It is well-settled that a prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts.  McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans).  The claims must be presented to the state courts as federal constitutional issues.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).  A Michigan prisoner must seek relief in both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).  While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review.  Granberry v. Greer, 481 U.S. 129,

131, 134-35 (1987).  The burden is on the petitioner to prove exhaustion.

Rust, 17 F.3d at 160.

In this case, the petitioner asserts that he has exhausted his state remedies.  The record, however, indicates that he did not fairly present the factual basis for his current claims of ineffective assistance of counsel, as to retained counsel Ellen Michaels, to the state trial court or the Michigan Court of Appeals.  While his pleadings before those courts generally referred to trial counsel, his factual allegations, as set forth in his supporting affidavit, solely focused on the actions and/or inactions of appointed counsel, Pamela Johnson.  The petitioner first raised specific allegations of ineffective assistance involving retained counsel, Ellen Michaels, in his application for leave to appeal to the Michigan Supreme Court.  First presenting a claim before the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement.  Castille v. Peoples, 489 U.S. 346, 349 (1989); Hickey v. Hoffner, 701 F. App'x 422, 425 (6th Cir. 2017).  The petitioner thus failed to properly exhaust his habeas claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" habeas

petition, that is, one containing both exhausted and unexhausted claims,

"leaving the prisoner with the choice of returning to state court to exhaust

[the] claims or amending and resubmitting the habeas petition to present

only exhausted claims to the district court."  Rose v. Lundy, 455 U.S. 509,

510 (1982); see also Rust, 17 F.3d at 160.  While the exhaustion

requirement is strictly enforced, it is not a jurisdictional prerequisite for

bringing a habeas petition.  Granberry v. Greer, 481 U.S. 129, 134-35

(1987).  For example, an unexhausted claim may be addressed if pursuit of

a state court remedy would be futile, Witzke v. Withrow, 702 F. Supp.

1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless

such that addressing it would be efficient and not offend federal-state

comity.  Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir. 1987); 28 U.S.C. §

2254(b)(2) (habeas petition may be denied on merits despite failure to

exhaust state court remedies).

In this case, the petitioner has an available state court remedy to

challenge his conviction and sentence before proceedings on federal

habeas review.  He may file a motion for relief from judgment pursuant to

Michigan Court Rule 6.500 with the state trial court and then pursue his

claims through both of the Michigan appellate courts as necessary.  The

state courts must first be given a fair opportunity to rule upon his claims before he can present them in federal court.  Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005).  Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless."  Id. at 277.  In Rhines, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state  remedies.  Id. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim").  Stay and abeyance is thus

generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition.  See, e.g., Moss v. Hofbauer, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

The petitioner does not request a stay nor indicate that his circumstances justify a stay.  Moreover, the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), does not pose a problem for the petitioner as long as he pursues his state court remedies in a prompt fashion.  The one-year period did not begin to run until 90 days after the conclusion of his direct appeal, see Lawrence v. Florida, 549 U.S. 327, 333 (2007); Bronaugh v. Ohio, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13, on or about July 26, 2021.  The one-year period then ran until January 4, 2022 when the petitioner dated his federal habeas petition for mailing by prison officials.  Consequently, less than six months of the one-year period had run when he instituted this action. While the time his habeas case has been pending in federal court is not statutorily tolled, see Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State

post-conviction or other collateral review" within the meaning of 28 U.S.C.

§ 2244(d)(2) so as to statutorily toll the limitations period), such time is

equitably tolled by the Court.  See, e.g., Johnson v. Warren, 344 F. Supp.

2d 1081, 1088-89 (E.D. Mich. 2004).  The one-year period will also be

tolled while any properly filed state post-conviction or collateral actions are

pending.  See 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214,

219-221 (2002).  Given that over six months of the one-year period

remains, the petitioner has ample time to properly exhaust his habeas

claims in the state courts and then return to federal court on a perfected

petition should he wish to do so.  A stay is unnecessary.

Additionally, while there is no evidence of intentional delay, the

petitioner neither alleges nor establishes good cause for failing to properly

exhaust his claims in the state courts before seeking federal habeas relief.

The fact that defense counsel did not clearly present his unexhausted

claims at trial or on direct appeal, while perhaps establishing cause for that

procedural default, does not excuse the petitioner's failure to properly

exhaust his claims on state collateral review before proceeding in federal

court.  The lack of a legal education and ignorance of the law do not

constitute good cause for the failure to exhaust state remedies.  See Allen

v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004); Kint v. Burt, No.

2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007).

Lastly, the petitioner's unexhausted claims concern matters of federal law

and do not appear to be plainly meritless.  His claims should thus be

presented to, and addressed by, the state courts in the first instance.  A

stay is unwarranted and a non-prejudicial dismissal of the habeas petition

is appropriate.

## IV.    Conclusion

For the reasons stated, the Court concludes that the petitioner has

not properly exhausted his habeas claims in the state courts before

instituting this action and a stay of the proceedings is unwarranted.

Accordingly, the Court **GRANTS** the respondent's motion to dismiss and

**DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas

corpus.  The Court makes no determination as to the merits of the

petitioner's claims.

Before the petitioner may appeal, a certificate of appealability must

issue.  28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of

appealability may issue only if the petitioner makes "a substantial showing

of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a

court denies relief on procedural grounds, a certificate of appealability

should issue if it is shown that jurists of reason would find it debatable

whether the petitioner states a valid claim of the denial of a constitutional

right, and that jurists of reason would find it debatable whether the court

was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-

85 (2000).  Reasonable jurists could not debate the correctness of the

Court's procedural ruling.  Accordingly, the Court **DENIES** a certificate of

appealability.

Lastly, the Court concludes that an appeal cannot be taken in good

faith.  F~ED~. R. A~PP~. P. 24(a).  Accordingly, the Court **DENIES** the petitioner

leave to proceed in forma pauperis on appeal.  This case is closed.

**IT IS SO ORDERED**.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  January 5, 2023

| CERTIFICATE OF SERVICE |
| --- |
| Copies of this Order were served upon attorneys of record on January 5, 2023, by electronic and/or ordinary mail and also on Patrick Lee Johnson #477943, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036. |
| s/Brianna Sauve Deputy Clerk |